UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SABRINA PAGAN AND MARIA OLIVARES,**<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**EDUARDO RIVERA (individually and in his official capacity as a police officer of the City of Jersey City), MICHAEL KELLY (in his official capacity as Chief of Police for the City of Jersey City), AND JOHN DOES 1-50 (being fictitious names),**<br><br>　　　　　Defendants. | Civ. No. 19-7176 (KM) (ESK)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　The complaint in this case asserts one count under 42 U.S.C. § 1983 (Count One), one parallel count under the New Jersey Civil Rights Act (Count Two), and three other State law counts. This matter comes before the court on the plaintiffs' motion (DE 73) to dismiss their federal claim and thereby obtain a remand of this removed case to state court. Plaintiffs frankly acknowledge in their motion that they are loath to dismiss the federal claims, but are concerned by the backlog of cases in this Court, and believe they may obtain an earlier trial date in State court. Their motion expressed a secondary concern that the defendants' Rule 12(b)(6) motion to dismiss had been pending for some time, but in the interim the Court has denied that motion to dismiss, both initially and on reconsideration. (DE 47, 48, 80, 81)

　　When COVID struck, this Court was already in a declared state of judicial emergency because of its case load and six long-standing judicial vacancies (out of seventeen non-senior district judge seats). The judges of this

1

Court have met the Civil Justice Reform Act deadlines (the so-called "six-month list") for disposal of briefed motions. Nevertheless, as plaintiffs point out, the COVID-19 pandemic has greatly curtailed in-person proceedings and drastically reduced the number of cases that this Court could bring to trial. Recently, both the vacancy and COVID situations have eased.

The legal basis for the motion is not entirely clear. Voluntary dismissal would not appear to be the proper procedural route. Rule 41(a), Fed. R. Civ. P., provides for a plaintiff's dismissal of an entire case against some or all defendants (with or without leave of court), but not for dismissal of some but not all counts against a particular defendant. *See Smith Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24 (E.D.Pa.1973) (finding that Rule 41(a)(2) does not permit dismissal of some, but not all, claims against one defendant); *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 224 F.R.D. 601, 605 (E.D. Pa. 2004); *United States v. Kushner*, No. CV172372SDWLDW, 2018 WL 2230552, at *1 (D.N.J. May 15, 2018) (Wettre, M.J.).

An alternative, more apt vehicle would be a motion to amend the complaint under Rule 15(a). Still, the distinction is a fairly technical one, and little would appear to turn on the distinction:

> The interplay between Rules 15 and 41 is not free from ambiguity in light of the present posture of this case; in sum plaintiff wants to drop one of two claims against each of three defendants, without dismissing all claims against any defendant. Rule 41(a) refers to dismissal of an 'action', whereas Rule 15 is more general and covers amendments to pleadings. . . .
>
> The recent cases and commentaries which have considered the problem have found it unnecessary to decide whether dropping fewer than all of the claims against any defendant can be accomplished by a Rule 15(a) amendment or a Rule 41(a)(2) dismissal. Moore states:
>
>> 'Where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants the problem may technically be regarded

> as one of amendment that is governed by Rule 15. * * * 'But since a district court's discretion, is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a technical one. * * *' 5 Moore's Federal Practice ¶41.06–1.

*Smith, Kline & French Lab'ys*, 61 F.R.D. at 27.

Considered as a motion to amend, the plaintiffs' motion to drop Count One would be granted. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, courts "have shown a strong liberality … in allowing amendments under Rule 15(a)." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, 663 F.2d 419, 425 (3d. Cir. 1981) (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.08(2) (2d ed. 1989)). On a motion to amend, the court will consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and (5) futility of the amendment." *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

It is true that this case has been pending since 2019, but progress to trial has been slow, as noted above. There is nothing discreditable about plaintiffs' seeking a faster resolution in their original chosen forum. Prejudice is more readily found where a plaintiff seeks to add rather than drop a claim as here. No effort has been wasted; for example, there has been no substantial motion practice devoted to the federal count alone. The state-law counts involve precisely the same facts as the federal count. Count Two, under the State Civil Rights Act, is substantively identical to Count One, the federal civil rights claim. Nor would amendment, even if the case remained in this Court, result in any extra work or duplicative proceedings. Failures to cure and futility are non-issues.

The real question becomes whether, assuming the federal claim is dropped, the Court should retain supplemental jurisdiction under 28 U.S.C. §

1367. Under 28 U.S.C. § 1367(c), the Court has discretion to decline jurisdiction over remaining state law claims after all federal claims have been dismissed from the action. The Third Circuit has held that where the federal claims that gave the basis for original jurisdiction are dismissed, a "district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *see Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances"). In short, the presumptive rule is that the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise.

There are easy cases at the extremes. On the one hand, where the case has been substantially litigated, it may be a proper exercise of discretion to retain it. *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993) (remanding for exercise of discretion as to whether to retain pendent claim, noting that where the district court already heard all evidence necessary to decide the state contract claim, it might retain jurisdiction). On the other hand, where the case is in its earliest stages, dismissal or remand is the proper course. *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

This case is somewhere in the middle. Although pending for some three years, it is—to plaintiffs' expressed chagrin—not close to trial. Prior to this motion to dismiss, the motion practice consisted largely of the defendants' motion to dismiss the complaint, and then their motion for reconsideration based on the New Jersey Appellate Division's reversal of a prior trial court ruling. (*See* DE 47, 48, 80, 81) In the meanwhile, it appears that discovery has

4

proceeded or been scheduled, with a discovery deadline currently set for April 22, 2022. (DE 85) Presumably summary judgment motions would follow.

As noted above, none of this effort will go to waste. The discovery is no less applicable to the state civil rights claim than it is to the federal civil rights claim. The plaintiffs are, after all, the masters of their complaint, and remand would simply restore the case to plaintiffs' chosen forum in a configuration that would have been permissible in the first place.[1] It is true that the state judiciary has not followed the twists and turns of this case for the last three years, but the case is not so complex as to pose a significant challenge. Indeed, much of the wrangling has been procedural, and, having been resolved, will have little impact on the further progress of the case.

In short, I have determined in my discretion that no substantial reasons of economy and fairness require that this state-law case remain in federal court.

## CONCLUSION

For the foregoing reasons, the motion is **GRANTED**, the amended complaint is deemed amended to delete Count One, which is dismissed with prejudice, and the case is remanded to New Jersey Superior Court, Hudson County, Law Division (Docket No. HUD-L-501-19). A separate order will issue.

DATE: June 17, 2022

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**

---

[1] Defendants express disapproval of plaintiffs' "forum shopping," but of course the state court was the plaintiffs' choice originally. The case is here only because defendants, seeking what they regarded as a more hospitable forum, removed it. Because dismissal of Count One followed by its reassertion in state court would be inequitable (and futile), the dismissal will be entered with prejudice.